IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD GEORGE FLETCHER,

      Petitioner,                    Case No. 2:03-cv-00366 ALA (HC)

vs.

SCOTT P. RAWERS, Warden,

      Respondent.                  <u>ORDER</u>

_____/

      On May 29, 2008, the parties were ordered to discuss the applicability, if any, of *Spencer v. Kemna*, 523 U.S. 1 (1998), and *Zegarra-Gomez v. INS*, 314 F.3d 1124, 1126 (9th Cir. 2003), to the question of whether Petitioner's application for habeas corpus is moot.

      In *Spencer*, the Supreme Court stated that

> [o]nce the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained . . . . In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur).

523 U.S. at 7-8. In *Zegarra-Gomez*, the Ninth Circuit explained that *Spencer* "discuss[ed] the case or controversy requirement in the criminal context" of challenging an expired sentence. 314 F.3d at 1126. Pursuant to *Zegarra-Gomez*, *Spencer* requires that in order to challenge an expired conviction, there must be some collateral consequence flowing from the conviction.

Importantly, "these collateral consequences cannot be presumed." *Id.*

Both parties addressed the applicability of *Spencer*, but ignored *Zegarra-Gomez*. Instead of alleging specific collateral consequences, they both offered conclusory statements. *See Respondent's Status Report on Mootness* at 2 ("Petitioner is currently suffering from the restrictions imposed by him upon parole."); *Petitioner's Mootness and the Applicability of Spencer v. Kemna Brief* at 2 (alleging that because Petitioner "attacks the validity of his underlying conviction, [he] satisfies the case or controversy requirement").

The parties have failed to provide the Court with any information regarding the conditions of petitioner's parole. The Court will not presume that a case or controversy exists. The parties must allege facts that establish Article III jurisdiction.

THEREFORE, the parties are ordered to show cause by June 19, 2008, as to why this case should not be dismissed on grounds of mootness, by way of simultaneous briefs consisting of no more than seven pages.

/////

DATED: June 12, 2008

/s/ Arthur Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation