IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RON L. NORTHRUP,

      Plaintiff,                      No. CIV S-08-1321 MCE GGH P

      vs.

ATTORNEY GENERAL OF THE
STATE OF CALIFORNIA,
                                         ORDER
      Defendant.

_____/

      Petitioner, a state prisoner proceeding pro se, has filed a purported a habeas petition and seeks to proceed in forma pauperis. However, although this action was filed on a habeas form, petitioner (hereafter, plaintiff) expressly states that "no conviction is under attack" and that he therein challenges "conditions of confinement" only. Petition, pp. 1, 6. Therefore, the "petition" is properly construed as a civil rights action, and the Clerk of the Court will be directed to re-designate this case as one brought under 42 U.S.C. § 1983, rather than pursuant to 28 U.S.C. § 2254.

      Because of the significant difference between the filing fee for a habeas petition ($5.00) and the filing fee for a civil rights action ($350.00), the court will not at this time assess the filing fee. In any event, plaintiff has not provided a completed in forma pauperis application.

Plaintiff has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint or obtained the certification required on the application form (i.e, the certificate portion of the in forma pauperis application must be filled out and signed by an authorized prison official).  See 28 U.S.C. § 1915(a)(2).  Plaintiff will be provided the opportunity to submit a completed application and the certified copy in support of his application to proceed in forma pauperis.

Although it has not yet been determined whether plaintiff may proceed in forma pauperis, because the complaint on its face appears to be frivolous, the court will proceed to screen the filing in order to afford plaintiff the opportunity to determine whether or not he wishes to proceed in this action before a filing fee is assessed.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

1  "The pleading must contain something more...than...a statement of facts that merely creates a
2  suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal
3  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this
4  standard, the court must accept as true the allegations of the complaint in question, <u>Hospital</u>
5  <u>Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light
6  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v.</u>
7  <u>McKeithen</u>, 395 U.S. 411, 421 (1969).

8  Plaintiff contends that he needs a court conservator or counsel to help him
9  "successfully file prison appeals." "Petition," p. 4.  He alleges that he is "a federally registered
10 mentally disable citizen" who has received SSI/SSA benefits, and that he is too mentally
11 incompetent to "complete due process of law at the prison appeal levels...." Id.  He avers,
12 without setting forth any factual predicate for the claim, that unnamed prison officials take
13 advantage of this mental condition and "bully" him.

14 Prisoners do not have a "separate constitutional entitlement to a specific prison
15 grievance procedure." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003), citing <u>Mann v.</u>
16 <u>Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison
17 officials to properly implement, an administrative appeals process within the prison system does
18 not raise constitutional concerns.  <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).  <u>See</u> <u>also</u>,
19 <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993); <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir.
20 1991).  <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure
21 is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it
22 does not give rise to a protected liberty interest requiring the procedural protections envisioned
23 by the fourteenth amendment").  Specifically, a failure to process a grievance does not state a
24 constitutional violation.  <u>Buckley</u>, <u>supra</u>.  State regulations give rise to a liberty interest protected
25 by the Due Process Clause of the federal constitution only if those regulations pertain to
26 "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation

to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1]

On the other hand, the Ninth Circuit treats the right to file a prison grievance as a constitutionally protected First Amendment right. Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997); see also Hines v. Gomez, 853 F. Supp. 329 (N.D. Cal. 1994) (finding that the right to utilize a prison grievance procedure is a constitutionally protected right, cited with approval in Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)); Graham v. Henderson, 89 F.3d 75 (2nd Cir. 1996) (retaliation for pursing a grievance violates the right to petition government for redress of grievances as guaranteed by the First and Fourteenth Amendments); Jones v. Coughlin, 45 F.3d 677, 679-80 (2nd Cir. 1995) (right not to be subjected to false misconduct charges as retaliation for filing prison grievance); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing disciplinary actionable if done in retaliation for filing inmate grievances); Franco v. Kelly, 854 F.2d 584, 589 (2nd Cir. 1988) ("Intentional obstruction of a prisoner's right to seek redress of grievances is precisely the sort of oppression that section 1983 is intended to remedy" (alterations and citation omitted)); Cale v. Johnson, 861 F.2d 943 (6th Cir. 1988) (false disciplinary filed in retaliation for complaint about food actionable).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

This is not to say that a vexatious grievance filer can never be punished. Vexatious litigants may be the subject of court discipline, and the undersigned would find it incongruous that while the courts can punish vexatious filings, prison officials may not.  Indeed, the right to petition for grievances is not absolutely protected; such a right has no greater protection than speech in general.  Rendish v. City of Tacoma, 123 F.3d 1216 (9th Cir. 1997).  In the prison context, one's free speech rights are more constricted from what they would be on the outside.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 107 S. Ct. 2400 (1987).  Again, plaintiff must show that the actions or omissions constituting the "retaliation" served no legitimate penological goal.

Plaintiff has failed to implicate a constitutional deprivation to which he has been subjected in the instant filing.  Because plaintiff is not entitled to a specific grievance procedure under the constitution, plaintiff's request for a "conservator" is misguided.  Plaintiff's due process claims, to the extent he has made any, will be dismissed, but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Requests for Appointment of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that

1. The Clerk of the Court is directed to re-designate this case as one brought under 42 U.S.C. § 1983, rather than pursuant to 28 U.S.C. § 2254.

2. The Clerk of the Court shall also provide plaintiff with another copy of the in forma pauperis application used by this court; and

3. Plaintiff shall submit, within thirty days from the date of this order, a fully completed in forma pauperis application, which includes a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint and the certification required on the application form.

4. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.

5. Failure to file the requisite completed in forma pauperis application or to amend the complaint timely will result in a recommendation that this action be dismissed without prejudice.

6. Plaintiff's requests for the appointment of counsel, filed on 6/11/08 (# 3) and 6/23/08 (# 8) requests for appointment of counsel are denied.

DATED: 10/29/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
nort1321.b+